15-3095-cv
*Makhoul v. Watt, Tieder, Hoffar & Fitzgerald LLP, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand sixteen.

PRESENT:     JON O. NEWMAN,
                   JOSÉ A. CABRANES,
                            *Circuit Judges,*
                   JANE A. RESTANI,
                            *Judge.*[*]

---

GEORGE MAKHOUL, INDIVIDUALLY, AND AS SUCCESSOR
IN INTEREST TO M.E.S., INC.,

        *Plaintiff-Appellant,*                15-3095-cv

        v.

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.,
MARK SGARLATA, CHRISTOPHER BRASCO, VIVIAN
KATSANTONIS, CHRISTOPHER MICHAEL ANZIDEI,

        *Defendants-Appellees.*

---

[*] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**              Edward T. DeLisle, Cohen Seglias Pallas Greenhall & Furman PC, Philadelphia, PA.

**FOR DEFENDANTS-APPELLEES:**              Marian C. Rice, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 2, 2015 judgment of the District Court be and is hereby **AFFIRMED**.

Plaintiff-appellant George Makhoul, individually and as successor in interest to M.E.S., Inc. ("MES"), appeals from a September 2, 2015 decision of the District Court granting summary judgment to defendants-appellees Watt, Tieder, Hoffar & Fitzgerald, LLP, Mark Sgarlata, Christopher Brasco, Vivian Katsantonis, and Christopher Michael Anzidei (collectively, "WTH&F"). Makhoul alleges that WTH&F jointly represented both its own client, Safeco Insurance of America ("Safeco"), and MES in negotiations with the U.S. Army Corps of Engineers ("COE") following MES's default terminations on three federal-funded projects bonded by Safeco. Based on the alleged existence of an attorney-client relationship between MES and the defendants, plaintiff asserted claims for legal malpractice, breach of fiduciary duty and duty of care, tortious interference with a contract, and unjust enrichment. The District Court granted summary judgment to defendants on all of Makhoul's claims.

On appeal, Makhoul principally asserts that the District Court failed to consider relevant evidence, weighed the evidence it did consider improperly, and inappropriately based its ruling on an improper assessment of Makhoul's credibility. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e review *de novo* a [district court's] grant of summary judgment under Rule 56 [of the Federal Rules of Civil Procedure], construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). "Summary judgment is required where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). Although the evidence is viewed in favor of the non-moving party, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal alterations and quotation marks

omitted). It is insufficient to "rely on conclusory allegations or unsubstantiated speculation" to defeat a motion for summary judgment. *Id.* at 554 (internal quotation marks omitted).

Here, an independent review of the record and relevant case law confirms that the District Court properly granted the defendants summary judgment. We affirm substantially for the reasons stated by the District Court in its thorough September 2, 2015 decision and order.

## A. Legal Malpractice

To sustain a claim of legal malpractice under New York law, the plaintiff must show the existence of an attorney-client relationship. *Hanlin v. Mitchelson*, 794 F.2d 834, 838 (2d Cir. 1986). As extensively detailed by the District Court, the plaintiff has failed to adduce sufficient evidence to demonstrate the presence of a genuine dispute of material fact as to the existence of an attorney-client relationship between MES and WTH&F. Based on the undisputed facts in the record, there is no evidence of a fee arrangement between MES and WTH&F,[1] no evidence of any retainer or contract, and no evidence that WTH&F held itself out as MES's counsel. The plaintiff acknowledged that MES was excluded from Safeco's negotiations with the COE. And the extensive documentary evidence, meticulously examined and described by the District Court, belies the plaintiff's claim that he and MES reasonably believed such a relationship existed.

Plaintiff argues that his affidavit, as well as the affidavits of three non-parties,[2] raise a material question of fact as to the existence of an attorney-client relationship. Given the overwhelming documentary evidence to the contrary, the District Court rightly found that Makhoul's affidavit is so blatantly contradicted by the record evidence that no reasonable jury could believe its version of events. *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *see also Jeffreys*, 426 F.3d at 553–55. Nor do the non-party affidavits, which are either silent or largely speculative as to the relationship between WTH&F and MES, raise a genuine issue of material fact.

---

[1] The fact that the plaintiff presented evidence that MES agreed to pay WTH&F's legal fees and requested and received invoices for WTH&F's legal fees from Safeco does not establish the existence of an attorney-client relationship. MES had agreed to indemnify Safeco for any costs, including legal fees, as a result of its default on the COE contracts. As the District Court correctly noted, MES's duty to reimburse Safeco for legal fees charged to Safeco by WTH&F does not establish an attorney-client relationship between MES and WTH&F.

[2] These non-parties are Mark T. Zawisny and Michael H. Payne, MES's attorneys, Jitendra Hirani, the Managing Partner of H/MES, and Henry C. Chan, an attorney for Hirani Engineering & Land Surveying P.C.

3

Plaintiff also attests that the District Court improperly based its decision on an inappropriate evaluation of Makhoul's credibility. The District Court, however, expressly acknowledged that its role on summary judgment did not include assessing Makhoul's credibility. Its findings were clearly grounded in the record as a whole, not on Makhoul's credibility.

## B. Fiduciary Duty

"Under New York law, where a claim for breach of fiduciary duty is premised on the same facts and seeking the identical relief as a claim for legal malpractice, the claim for fiduciary duty is redundant and should be dismissed." *Nordwind v. Rowland*, 584 F.3d 420, 432–33 (2d Cir. 2009) (internal quotation marks omitted). Though the plaintiff argues that the District Court failed to consider that its fiduciary duty claims were "plead [sic] in the alternative," it is distinctly clear that his legal malpractice claim and fiduciary duty claims are premised on the same legal advice purportedly rendered by WTH&F. Accordingly, the District Court properly granted summary judgment to the defendants on the plaintiff's fiduciary duty claims.

## C. Tortious Interference

The elements of a claim for tortious interference with a contract under New York law are "the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." *Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370, 1375 (N.Y. 1996). The plaintiff, citing only his affidavit as an example, argues that the District Court failed to properly consider other evidence in support of this claim. These bare allegations, which are largely "conclusory allegations or unsubstantiated speculation," are not enough to sustain his tortious interference claim. *See Jeffreys*, 426 F.3d at 554 (internal quotation marks omitted).

## D. Unjust Enrichment

Lastly, under New York law, a plaintiff may prevail on a claim for unjust enrichment by demonstrating "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (internal quotation marks omitted). On appeal, the plaintiff claims that WTH&F was enriched by receiving payments from Safeco for legal fees and by Safeco's demand that MES indemnify it. As the District Court properly held, Safeco's right to recover these fees from MES is based on a separate indemnity agreement executed as part of Safeco's surety relationship with MES and, accordingly, does not form a basis for an unjust enrichment claim.

4

**CONCLUSION**

We have reviewed all of the arguments raised by Makhoul on appeal and find them to be without merit. We thus **AFFIRM** the September 2, 2015 judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk